c

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
ALEXANDRIA DIVISION

| | |
|---|---|
| MERANDA HYMAN, Plaintiff | CIVIL ACTION NO. 1:19-CV-00206 |
| VERSUS | JUDGE DRELL |
| VOV GmbH, Defendant | MAGISTRATE JUDGE PEREZ-MONTES |

### REPORT AND RECOMMENDATION

Before the Court is an unopposed Motion to Dismiss under Rules 12(b)(2) and 12(b)(5) of the Federal Rules of Civil Procedure filed by Defendant VOV GmbH ("VOV"). ECF No. 7. Because Plaintiff Meranda Hyman ("Hyman") has failed to carry her burden of establishing that she properly served VOV, the Motion to Dismiss should be GRANTED under Fed. R. Civ. P. 12(b)(5), and Hyman's claims should be DISMISSED WITHOUT PREJUDICE.

### I.  Background

On January 25, 2019, Hyman filed a "Petition for Bad Faith Insurance Practices, Damages, and Declaratory Judgment" (the "Petition") in the Twenty-Eighth Judicial District Court, LaSalle Parish, Louisiana. ECF No. 1-1. Hyman names as Defendant "VOV GmbH or VOV Insurance Association" as the insurer "for the acts or omissions of employees, officers, and directors of German Pellets GmbH, or its wholly owned subsidiaries." ECF No. 1-1 at 1. Hyman asserts VOV's wholly-owned subsidiaries are German Pellets of Louisiana, L.L.C. ("GPLA") and Louisiana

Pellets, Inc. ("LP") (collectively, "German Pellets"). *Id.* Hyman seeks "interpretation of [her] right to a defense pursuant to insurance policy(ies) issued to German Pellets" and a declaratory judgment under La. Code Civ. P. art. 1871. *Id.*

Hyman worked for German Pellets as an accountant from March 2015 through October 9, 2015 in Urania, Louisiana. ECF No. 1-1 at 1. Hyman asserts that in February of 2015, all the German Pellets companies – GPLA, LP, and the parent Germany company GmbH – filed for bankruptcy. ECF No. 1-1 at 2. GPLA and Louisiana Pellets's bankruptcy, Consolidated Case No. 16-80162, is pending in the United States Bankruptcy District Court for the Western District of Louisiana. *Id.* Craig T. Jalbert (the "Trustee") has been appointed as the Chapter 11 Liquidating Trustee. *Id.*

Hyman asserts that on February 16, 2018, the Trustee filed suit[1] (the "Trustee's Lawsuit") in the Twenty-Eighth Judicial District Court naming as Defendants Peter, Anna, and Michael Liebold (the "Liebolds") – the principals of the German company GmbH; VOV, as insurer of German Pellets and the Liebolds; and Hyman, as the Senior Accountant for German Pellets.

Hyman alleges she was served with the Trustee's Lawsuit on February 23, 2018. ECF No. 1-1 at 2. Fearful of a default judgment, Hyman retained counsel and

---

[1] Craig Jalbert, in his capacity as the Chapter 11 Liquidating Trustee for German Pellets Louisiana, LLC and Louisiana Pellets, Inc. v. Peter Leibold, Anna Kathrin Leibold, Michael Leibold, Meranda Hyman, and VOV GmbH, No. 40802, Twenty-Eight Judicial District Court, Rapides Parish, Louisiana. The Trustee's Lawsuit has twice been removed to this Court. This Court remanded the first removal action to state court. *See Jalbert v. Leibold, et al.*, No. 1:18-cv-788, 2019 WL 1007276, at *2 (W.D. La. Mar. 1, 2019). The action was again removed and is now pending before this Court. *See Jalbert v. Leibold, et al.*, No. 1:19-cv-01069 (W.D. La.).

filed an Answer to the Trustee's Lawsuit on March 23, 2018. ECF no. 1-1 at 3. Hyman asserts VOV has never assisted in providing a defense to the Trustee's Lawsuit. *Id.* Hyman asserts the only communication with VOV has been to request Hyman's consent to removal. *Id.* Hyman alleges she indicated she would agree to removal if VOV would agree to defend her. *Id.* Hyman claims VOV then denied any duty to defend or indemnify her. *Id.*

Hyman asserts VOV is obligated to defend Hyman under the policy issued by VOV to German Pellets. ECF No. 1-1 at 3. Hyman alleges VOV provided German Pellets with a Directors & Officers Policy, Policy No. 156910836 (the "Policy"), effective January 11, 2001 to January 1, 2017, and that the Policy covers actions of individuals working for German Pellets. ECF No. 1-1 at 3. Hyman seeks a declaratory judgment that VOV has a duty to defend and indemnify her in the Trustee's Lawsuit. ECF No. 1-1 at 8. Hyman asserts breach of contract for VOV's failure to defend her under the Policy. ECF No. 1-1 at 6. Hyman also asserts a claim for bad faith insurance practices under La. R.S. §§ 22:1973 and 22:1892. *Id.*

VOV removed pursuant to 9 U.S.C. §§ 203 and 205 because this matter relates to an arbitration agreement falling under the Convention on the Recognition and Enforcement of Foreign Arbitral Awards, 21 U.S.T. § 2517, T.I.A.S. § 6997, 330 U.N.T.S. § 3 (9 U.S.C. §§ 201, *et seq.*), and pursuant to 28 U.S.C. § 1332 because there is diversity jurisdiction. ECF No. 1 at 1-2.

VOV now seeks dismissal of Hyman's claims under Rule 12(b)(2) for lack of personal jurisdiction, and under Rule 12(b)(5) for insufficient service of process. ECF

No. 7. VOV's Motion is unopposed.[2] In support, VOV submits: (1) the Declaration of Diederik Sutorius ("Sutorius") (ECF No. 7-2); and (2) the legal opinion of Prof. Dr. Matthias Weller ("Prof. Dr. Weller") (ECF No. 7-3).

II. Law and Analysis

  A. Standard governing the Rule 12(b)(5) Motion to Dismiss.

A plaintiff is required to serve the summons and a copy of the complaint upon each defendant in a timely and proper manner. *See* Fed. R. Civ. P. 4. Rule 4(f) of the Federal Rules of Civil Procedure mandates compliance with the Convention on the Service Abroad of Judicial and Extrajudicial Documents in Civil and Commercial Matters ("the Hague Convention")[3] (to which Germany is a signatory) to effect service on individuals in a foreign country, and the rules governing service abroad supersede applicable state rules. *See In re Graf Tech Switzerland S.A. to Perpetuate Testimony of Certain Crewmembers & Documentary Evidence*, CIV. A. 10-MC-17, 2010 WL 2342580, at *1, n.1 (W.D. La. June 8, 2010) (citing 1 *Moore's Federal Practice,* § 4.52 (Matthew Bender 3d ed.)); *see also Otto Candies, LLC v. Drager Safety AG & Co., KgaA*, 2013 WL 6243957, at *1 (E.D. La. Dec. 3, 2013) (internal citations omitted) ("The Hague Convention 'prescribes the exclusive means for service of process emanating from one contracting nation and culminating in another.' Because

---

[2] Under LR7.5, "[i]f the respondent opposes a motion, he or she *shall* file a response . . . within 21 days after service of the motion." And pursuant to the Court's Notice of Motion Setting, "[a]ny party filing no brief will be deemed not to oppose the motion." (ECF No. 8). Because Hyman did not file an opposition brief, the Motion to Dismiss (ECF No. 7) is deemed unopposed.

[3] Convention on the Service Abroad of Judicial and Extrajudicial Documents in Civil and Commercial Matters, Nov. 15, 1965, 20 U.S.C. 361, T.I.A.S. No. 6338.

Germany and the United States are both signatories to the Hague Convention, service of process [on the German corporate defendant] in Germany must comply with the Hague Convention."). Article 10 of the Hague Convention specifically provides that it will not interfere with "the freedom to send judicial documents, by postal channels," where the signatory country does not object. *Water Splash, Inc. v. Menon*, 137 S.Ct. 1504, 1513, 197 L.Ed.2d 826 (2017); *see also* Hague Convention, 220 U.S.T. 261, art. 10. However, Germany has formally objected to service under Article 10, and does not permit service via postal channels.

A court cannot exercise personal jurisdiction over a defendant unless the defendant was properly served. *Landry v. Garber*, 6:19-CV-00367, 2019 WL 5783369, at *2 (W.D. La. Oct. 18, 2019), *report and recommendation adopted*, 6:19-CV-00367, 2019 WL 5782873 (W.D. La. Nov. 5, 2019) (citing *Omni Capital Int'l, Ltd. v. Rudolf Wolff & Co.*, 484 U.S. 97, 104 (1987)). Absent valid service of process, proceedings against a party are void. *Id.* (citing *Aetna Business Credit, Inc. v. Universal Décor & Interior Design, Inc.*, 635 F.2d 434, 435 (5th Cir. 1981); *Mooney Aircraft, Inc. v. Donnelly*, 402 F.2d 400, 406 (5th Cir. 1968)). Thus, a district court has broad discretion to dismiss a lawsuit for insufficient service of process. *See, e.g., Edmiston v. Louisiana Small Bus. Dev. Ctr.*, 1:18-CV-00128, 2018 WL 6279962, at *4 (W.D. La. Nov. 14, 2018), *report and recommendation adopted*, 1:18-CV-00128, 2018 WL 6273657 (W.D. La. Nov. 30, 2018), *aff'd*, 931 F.3d 403 (5th Cir. 2019) (citing Fed. R. Civ. P. 12(b)(5)); *see also Kreimerman v. Casa Veerkap, S.D. de C.V.*, 22 F.3d 634, 645 (5th Cir. 1994) ("A district court, however, has broad discretion to dismiss an

action for ineffective service of process."). Once the validity of service of process has been contested by the defendant, the plaintiff bears the burden of establishing its validity. *See Holly v. Metro. Transit Authority*, 213 Fed.Appx. 343 (5th Cir. 2007) (citing *Carimi v. Royal Carribean Cruise Line, Inc.*, 959 F.2d 1344, 1346 (5th Cir. 1992)).

### B. VOV's Rule 12(b)(5) Motion to Dismiss (ECF No. 7) should be granted for insufficiency of service.

VOV asserts Hyman failed to properly serve VOV. ECF No. 7-1 at 14. VOV argues Hyman requested service on VOV through the Louisiana Secretary of State prior to removal, but has not taken any steps since removal to properly serve VOV. ECF No. 7-1 at 15-16. However, VOV asserts it must be served under the terms of the Hague Convention. ECF No. 7-1 at 15.

On February 4, 2019 – prior to removal – Hyman requested service on VOV through the Louisiana Secretary of State. ECF No. 1-2 at 1. The record contains no other evidence of any attempts by Hyman to serve VOV.

VOV asserts it has not been properly served with the Petition. ECF No. 1. The record contains no evidence that the Petition was served on VOV.

Generally, state law controls whether service was properly made prior to removal. *Sal Ciolino & Assoc. v. First Extended Serv. Corp.*, 156 Fed.Appx. 621, 622 (5th Cir. 2005). However, federal law governs the post-removal service of process for an action originally filed in state court and later removed to federal court. *Zehavi v. Reef*, 2019 WL 917423, at *1 (N.D. Ca. Feb. 25, 2019) (citing *Wallace v. Microsoft Corp.*, 596 F.3d 703, 706 (10th Cir. 2010)).

6

Under Louisiana law, service of citation shall be requested on all named defendants within 90 days of commencement of the action. La. Code Civ. P. art. 1201(c). Louisiana law provides for service of process on a registered foreign insurer, La. R.S. 22:335, and on an unregistered foreign insurer, La. R.S. 22:1907, through service upon the Secretary of State. Personal service on a non-insurer corporation's designated agent for service of process is required. *See* La. Code. Civ. Proc. art. 1261(A). "If the corporation has not designated an agent . . . service may be made by personal service on any officer, director, or "employee of suitable age and discretion at any place where the business of the corporation is regularly conducted." *Id.*

As to service of process under federal law, Fed. R. Civ. P. (4)(f) governs:

(f) Serving an Individual in a Foreign Country. Unless federal law provides otherwise, an individual--other than a minor, an incompetent person, or a person whose waiver has been filed--may be served at a place not within any judicial district of the United States:

> (1) by any internationally agreed means of service that is reasonably calculated to give notice, such as those authorized by the Hague Convention on the Service Abroad of Judicial and Extrajudicial Documents;
>
> (2) if there is no internationally agreed means, or if an international agreement allows but does not specify other means, by a method that is reasonably calculated to give notice:
>
>> (A) as prescribed by the foreign country's law for service in that country in an action in its courts of general jurisdiction;
>> (B) as the foreign authority directs in response to a letter rogatory or letter of request; or
>>
>> (C) unless prohibited by the foreign country's law, by:
>>
>>> (i) delivering a copy of the summons and of the complaint to the individual personally; or

7

>> (ii) using any form of mail that the clerk addresses and sends to the individual and that requires a signed receipt; or
>
> (3) by other means not prohibited by international agreement, as the court orders.

Fed. R. Civ. P. 4(f).

"[T]he Hague Service Convention specifies certain approved methods of service [abroad] and 'pre-empts inconsistent methods of service' wherever it applies." *Water Splash, Inc. v. Menon*, 137 S. Ct. 1504, 1507, 197 L.Ed.2d 826 (2017). "[I]n cases governed by the Hague Service Convention, service by mail is permissible if two conditions are met: first, the receiving state has not objected to service by mail; and second, service by mail is authorized under otherwise-applicable law." *Id.* at 1513.

Service of documents abroad is precisely the type of service that triggers an application of the Hague Convention procedures. *Sheets v. Yamaha Motors Corp., U.S.A.,* 891 F.2d 533, 537 (5th Cir. 1990). When service is made abroad pursuant to the Hague Convention, as permitted by Fed. R. Civ. P. 4(f)(1), the adequacy of that service must be proved "as provided in the applicable convention or treaty" or "by a receipt signed by the addressee, or by other evidence satisfying the court that the summons and complaint were delivered to the addressee." Fed. R. Civ. P. 4(l)(2)(A)-(B). Additionally, foreign defendants can "insist on service pursuant to the Hague Convention." *Rhodes v. J.P. Sauer & Sohn, Inc.,* 98 F.Supp.2d 746, 749 (W.D.La.2000) (quoting *Sheets v. Yamaha,* 891 F.2d 533, 536 (5th Cir.1990)). "Articles 2 and 3 of the Hague Convention require signatory countries to designate a Central Authority to receive requests for service and require that a request for service of judicial

8

documents and the documents to be served be forwarded to the Central Authority." *Id.* at 748.

VOV also submits the declaration of Sutorius, the executive director of VOV. ECF No. 7-2 at 1. Sutorius attests that VOV is a Gesellschaft mit beschränkter Haftung ("GmbH") – a limited liability company – organized under the laws of the Federal Republic of Germany. ECF No. 7-2 at 1. VOV's headquarters and principal place of business is located in Cologne, Germany. *Id.* The declaration establishes that VOV is not an insurer. *Id.* VOV acts as a "contract manager" and representative of certain independent insurers (the "VOV Insurance Association") in the execution, performance, administration, and termination of insurance policies. *Id.*

Here, VOV establishes Hyman failed to comply with the Hague Convention and that, even if it were improper service through Louisiana long-arm, that the record shows improper service has not been perfected. ECF No. 7-1 at 14-15. To be proper, service should have been forwarded to the Central Authority. It is undisputed that Hyman did not use either the Central Authority under the Hague Convention. Additionally, VOV is not incorporated in Louisiana, nor is it qualified to do business in Louisiana. ECF No. 7-2 at 2. VOV has no registered agent in Louisiana and has no parent companies or subsidiary companies incorporated or qualified to do business in Louisiana. ECF No. 7-2 at 2. Here, VOV has met their burden of establishing service was insufficient. Hyman fails to present any evidence to establish proper service of process on VOV. Absent proper service on VOV, this Court lacks personal jurisdiction. *See Omni Capital Int'l, Ltd.*, 484 U.S. at 104.

"Once the defendant contests the validity of service of process, the burden shifts to the plaintiff to establish its validity." *Carmouche v. Garber*, No. 6:19-CV-00023, 2020 WL 733236, at *1 (W.D. La. Feb. 12, 2020). Hyman has failed to make any showing that she served VOV under either Louisiana or federal law. Hyman's claims against VOV are therefore void.

### III. Conclusion

Because VOV contests service, and Hyman fails to carry her burden to establish sufficient service of process;

IT IS RECOMMENDED that VOV's Rule 12(b)(5) Motion to Dismiss (ECF No. 7) be GRANTED, and that Hyman's claims against VOV be DISMISSED WITHOUT PREJUDICE.

Under the provisions of 28 U.S.C. § 636(b)(1)(c) and Fed. R. Civ. P. 72(b), any party may serve and file with the Clerk of Court written objections to this Report and Recommendation within fourteen (14) days after being served with a copy thereof, unless an extension of time is granted under Fed. R. Civ. P. 6(b). A party may respond to another party's objections within fourteen (14) days after being served with a copy thereof. No other briefs (such as supplemental objections or reply briefs) may be filed, unless a party shows good cause and obtains leave of court. The District Judge will consider timely objections before issuing a final ruling.

A party's failure to file written objections to the proposed factual findings, conclusions, and recommendations contained in this Report and Recommendation within fourteen (14) days after being served with a copy thereof, or within any

extension of time granted by the Court under Fed. R. Civ. P. 6(b), shall bar that party from attacking either the factual findings or the legal conclusions accepted by the District Judge, except upon grounds of plain error.

    THUS DONE AND SIGNED in Alexandria, Louisiana, on this __28th__ day of February 2020.

                                                     _____
                                                   JOSEPH H.L. PEREZ-MONTES
                                                   UNITED STATES MAGISTRATE JUDGE